## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CR-0237-CVE |
| | ) | |
| THOMAS ANTHONY PEARCE, II, | ) | |
| a/k/a Thomas Anthony Pearce, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the Government's Notice Pursuant to Federal Rule of Evidence 414 and 404(b) (Dkt. # 44). On May 19, 2021, a grand jury returned an indictment charging defendant Thomas Anthony Pearce, II with coercion and enticement of a minor (count one), production of child pornography (count two), possession of child pornography (count three), and distribution of marijuana (count four). Dkt. # 15. This case arose following a traffic stop by the Jenks Police Department early in the morning of February 8, 2021 in which defendant was found with a minor female, B.P, in his vehicle. Plaintiff seeks to offer evidence that defendant produced child pornography of another minor female, B.I., in 2014 and 2015, and B.I. will testify defendant engaged in sexual conduct with her in exchange for money, marijuana, and other gifts. Dkt. # 44, at 2. Defendant has filed an objection to plaintiff's notice, and he argues that the evidence is inadmissible under Fed. R. Evid. 403.

On February 8, 2021 at about 2:00 a.m., Jenks Police Department Corporal Robert Golliday was on patrol in Jenks, Oklahoma, and he observed a pickup truck parked in an unlit area near a

construction site.[1]  Golliday turned his vehicle around after driving past the pickup truck, but the pickup truck sped away from him at a high rate of speed.  Golliday initiated a traffic stop of the pickup truck and made contact with the defendant, and Golliday observed a minor female inside the vehicle.  Golliday asked defendant about the minor female, but he found defendant's explanation for the minor female's presence in the pickup truck suspicious.  Golliday called for backup and he removed the minor female from the pickup truck.  Golliday continued to speak to defendant, and he established that the minor female's parents did not know that she was with defendant and that defendant was likely not related to the minor female.  Golliday spoke to the minor female, identified as B.P., and B.P. claimed that she met defendant online.  Golliday asked if defendant had done anything to her, and B.P. replied "not this time."  B.P. stated that she was 16 years old and defendant had threatened to use force against her if she did not sneak out of her house to meet him.  B.P. also stated that defendant threatened to kidnap her brother and sister and use them for "trafficking" if she did not meet him.  B.P. told Golliday that defendant had given her marijuana, and it appeared to Golliday that B.P. was in need of medical treatment.

Golliday placed defendant under arrest and he declined to speak to the police.  B.P. made additional statements to the police after defendant was arrested, and she claimed that defendant had zip tied her hands and taken pictures of her naked on a previous occasion.  Police found zip ties, tape, marijuana, and two flash drives during an inventory search of defendant's pickup truck.  Based on the information gathered during the traffic stop, police obtained a search warrant for the flash drives and found a folder labeled with B.I.'s full name.  The folder contained numerous sexually

---

[1]      The background facts stated in this Opinion and Order are taken from the Court's ruling on defendant's motion to suppress.  Dkt. # 42.

explicit photographs of a minor female and law enforcement officer subsequently identified the minor female as B.I.  B.I. was interviewed by law enforcement officers and she confirmed that she was the minor female in the photographs. She stated that she was attending Broken Arrow High School in 2014 and 2015 when she met defendant online, and defendant asked B.I. if she would meet him to have sex in exchange for money.  B.I. met defendant every night for several months, and she had sex with defendant in exchange for money, marijuana, and other gifts.  B.I. also provided nude pictures of herself to defendant, and defendant took sexually explicit photographs of B.I. with his cell phone.  Defendant asked B.I. if she had any friends who would like to engage in similar behavior with defendant, and B.I. told him that she did not.  B.I. stopped seeing defendant a couple of years prior to her interview with law enforcement.

Plaintiff seeks to call B.I. as a witness to testify about her involvement with defendant, and plaintiff has also filed a supplemental notice (Dkt. # 47) attaching as an exhibit a report of investigation prepared by Homeland Security Investigations.  Plaintiff argues that the B.I. testimony and photographs are admissible under Fed. R. Evid. 414, because defendant is charged with child molestation in this case and prior acts of child molestation are admissible under Rule 414(a).  Dkt. # 44, at 5.  Plaintiff also argues that evidence of defendant's prior conduct with B.I. would be admissible under Fed. R. Evid. 404(b) to show intent, motive, planning, or lack of mistake.  Id. at 7-8.

**Rule 414**

Under Rule 414(a), in a case in which defendant is charged with child molestation, "the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant."  For purposes of Rule 414, "child" is defined

3

as "a person below the age of 14," Fed. R. Evid. 414(d)(1), and "child molestation" is defined, in pertinent part, as "a crime under federal law or under state law" involving: 1) "any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child"; 2) "any conduct prohibited by 18 U.S.C. chapter 110"; and 3) "an attempt or conspiracy to engage in conduct [prohibited by 18 U.S.C. chapter 109A or chapter 110]." Fed. R. Evid. 414(d)(2)(A)-(B), (F). In <u>United States v. Benally</u>, 500 F.3d 1085, 1090 (10th Cir. 2007), the Tenth Circuit delineated Rule 414's threshold requirements for admissibility:

> 1) defendant must be accused of a crime involving child molestation;
>
> 2) the evidence proffered must be of his commission of another offense or offenses involving child molestation; and
>
> 3) the evidence must be relevant.

Rule 414 replaces Rule 404(b)'s more restrictive standard, that is, evidence of other similar crimes involving child molestation "was determined by Congress to be probative of a defendant's propensity to commit such crimes." <u>Benally</u>, 500 F.3d at 1093. Accordingly, the Court is required to "make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence." <u>United States v. Enjady</u>, 134 F.3d 1427, 1433 (10th Cir. 1998); <u>see also</u> <u>United States v. McHorse</u>, 179 F.3d 889, 899 (10th Cir. 1999) (finding that a district court properly applied the <u>Enjady</u> factors in reviewing the admissibility of Rule 414 evidence). The district court should then consider:

> 1) how clearly the prior act has been proved;
>
> 2) how probative the evidence is of the material fact it is admitted to prove;
>
> 3) how seriously disputed the material fact is; and

4) whether the government can avail itself of any less prejudicial evidence.

Enjady, 134 F.3d at 1433 (internal quotations omitted).  Further, "[w]hen analyzing the probative

dangers," a court considers:

1) how likely it is such evidence will contribute to an improperly-based jury verdict;

2) the extent to which such evidence will distract the jury from the central issues of the trial; and

3) how time consuming it will be to prove the prior conduct.

Id. (internal quotations omitted).  "To further assist district courts in analyzing probativeness under

the second *Enjady* factor, the *Guardia* court enumerated considerations which may influence the

court's analysis," including:

1) the similarity of the prior acts and the charged acts;

2) the time lapse between the other acts and the charged acts;

3) the frequency of the prior acts;

4) the occurrence of intervening events; and

5) the need for evidence beyond the defendant's and alleged victim's testimony.

Benally, 500 F.3d at 1091 (citing United States v. Guardia, 135 F.3d 1326 (10th Cir. 1998)).  When

plaintiff "seeks to introduce . . . [Rule] 414 evidence, the district court has an obligation 'to fully

evaluate the proffered . . . evidence and make a clear record of the reasoning behind its findings' as

to whether the evidence survives the Rule 403 balancing test."  Benally, 500 F.3d at 1091 (quoting

Guardia, 135 F.3d at 1331).

The first Benally factor is satisfied, because defendant is accused of a crime of child

molestation in this case.  Rule 414 defines "child molestation" in relevant part as "any conduct

prohibited by 18 U.S.C. chapter 110." Fed. R. Evid. 414(d)(2)(B).  The crimes of possession and production of child pornography are offenses under Chapter 110 of Title 18.  The second Benally factor is whether the evidence relating to defendant's conduct with B.I. would also constitute an offense of child molestation.  B.I. will testify that defendant gave her money, marijuana and gifts to entice her to take sexually explicit photographs, and this would constitute the crime of producing child pornography, which is a crime of child molestation as defined in Rule 414(d)(2)(B).  Finally, the evidence relating to B.I. is relevant to show that defendant engaged in prior acts that are similar in nature to the charged offense, and this tends to show that he had the necessary intent to commit the charged offenses of possession and production of child pornography.  The Court finds that plaintiff has made a threshold showing that the evidence described in the notice (Dkt. # 44) is admissible under the Benally factors.  Enjady also requires that the Court make a preliminary finding that a reasonable jury could find that the prior act of child molestation occurred.  Plaintiff had made a proffer of B.I.'s proposed trial testimony and has provided a report (Dkt. # 47-1) describing the sexually explicit photographs of B.I. in defendant's possession.  Based on this evidence, a reasonable jury could easily find that the prior acts of child molestation occurred, even if defendant were to call certain aspects of B.I.'s testimony into dispute.

Even though the proffered evidence meets the threshold requirements of Rule 414 for admissibility, defendant argues that it would be unfairly prejudicial to allow plaintiff to offer evidence concerning his alleged conduct with B.I., because this would be propensity evidence and would require a mini-trial as to whether defendant actually engaged in such conduct. Dkt. # 46.  The Court will consider the Enjady factors to determine whether it would be unfairly prejudicial to admit evidence of defendant's conduct with B.I.  The Court finds that the first Enjady factor (proof of prior

6

child molestation) weighs in favor of admitting the proposed evidence.  Plaintiff has strong evidence that defendant engaged in a crime of child molestation with B.I., because plaintiff can produce the sexually explicit photographs found on the flash drives seized from defendant.  The second Enjady factor is the probative value of the evidence, and Court will consider the five factors stated in Guardia in considering the probative value of the evidence in relation to the charges alleged in this case.  The conduct alleged by the victim in this case, B.P., is highly similar to the allegations made by B.I., and B.I.'s statements also show that defendant was actively seeking other minor females to engage in similar behavior.  As the Court has already noted, B.I.'s allegations are supported not only by her statements to law enforcement officials, but also by photographs taken by defendant to establish that he used B.I. to produce child pornography.  There is some time lapse between when defendant initially sought out B.I. and the events giving rise to the charges in this case.  However, B.I. told law enforcement officers that she stopped seeing defendant "a couple of years" before her interview, and the time lapse is not so significant that it detracts from the probative value of the evidence.  Dkt. # 47-1, at 5.  The Court finds that there is substantial probative value to B.I.'s proposed testimony due to the high degree of similarity between her allegations and the alleged offense conduct in this case.  The third Enjady factor (disputed nature of evidence) weighs in favor of the admissibility of the evidence.  Defendant states, without explanation, that B.I.'s allegations will be "highly" disputed, but the evidence found on the flash drive speaks for itself.  Defendant may cross-examine B.I. in an effort to undermine her credibility, but he cannot dispute the content of the photographs found on the flash drive taken from his vehicle.  Finally, the fourth Enjady factor (availability of less prejudicial evidence) does not weigh against the admissibility of B.I.'s testimony.  The allegations made by B.I. and the photographic evidence gathered by police will have essentially

the same prejudicial value as the offense conduct, and there is no less prejudicial evidence available that can be used to establish defendant's guilt of the charged offenses.

The Court finds that the evidence described in plaintiff's notice (Dkt. # 44) is admissible under Rule 414.[2]  The evidence of defendant's alleged sexual conduct and his production of child pornography with B.I. are highly probative considering the nature of the criminal charges in this case, and the introduction of this evidence will not be unfairly prejudicial to defendant.  Defendant claims the jury will likely consider the evidence relating to B.I. as improper propensity evidence, and there is a risk that the jury will convict defendant based on his prior conduct.  The Court construes defendant's argument as a Rule 403 challenge to the admissibility of the evidence, and he is correct that Rule 403 applies when evidence is offered under Rule 414.  United States v. Perrault, 995 F.3d 748, 765 (10th Cir. 2021).  However, Rule 414 is intended to be an exception to Rule 404(a)'s general prohibition of propensity evidence, and Congress specifically intended to allow evidence of prior bad acts to prevent "he-said, she-said stalemates" that arise when a defendant challenges a victim's credibility in child molestation cases.  Perrault, 995 F.3d at 765.  Even if B.I.'s testimony would constitute propensity evidence, this does not make her testimony inadmissible or unfairly prejudicial under the circumstances.  Defendant also argues that B.I.'s testimony would be unreasonably time consuming or would give rise to a risk of an improper jury verdict.  Dkt. # 46, at 5-6.  The Court has already determined that her testimony will be highly probative and, although her testimony may be prejudicial to defendant, it is the type of testimony that is permitted in child molestation cases.  Thus, B.I.'s testimony will not be unfairly prejudicial or suggest an improper

---

[2]     In light of the Court's finding under Rule 414, it is unnecessary for the Court to consider whether the same evidence is admissible under Rule 404.

bases for the jury's verdict.  The Court finds that B.I's testimony is not subject to exclusion under Rule 403.  Defendant may request a limiting instruction concerning plaintiff's use of the evidence described in the notice, but plaintiff will be permitted to offer evidence concerning defendant's conduct with B.I.

**IT IS THEREFORE ORDERED** that the evidence identified in plaintiff's notice (Dkt. # 44) will be admissible at trial under Fed. R. Evid. 414.

**DATED** this 17th day of March, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE